IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-1014-Y |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Frederick Dewayne Malone, a state prisoner, against Lorie Davis, director of the Correctional Institutions Division of the Texas Department of Criminal Justice, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as an abuse of the writ. No service has issued upon Respondent.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner continues serving a life sentence without the possibility of parole in the Correctional Institutions Division of

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

the Texas Department of Criminal Justice as a result of his 2008 conviction for capital murder in the 396th District Court, Tarrant County, Texas, Case No. 1128979R. (Pet. 2, ECF No. 1.) This is Petitioner's third § 2254 petition filed in this Court challenging the same conviction.[2] See Pet., Malone v. Stephens, No. 4:16-CV-087-O, ECF No. 1; Pet., Malone v. Stephens, No. 4:13-CV-718-O, ECF No. 1. Petitioner's first such petition was denied, and the second was transferred to the Fifth Circuit Court of Appeals for authorization to file the petition, which the court denied. (Order, Malone v. Stephens, No. 4:16-CV-087-O, ECF No. 16.) In the instant petition, Petitioner raises many of the same or similar claims previously raised, some now couched as ineffective-assistance-of-appellate-counsel claims, or claims that could have been but were not raised in his prior petitions.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[3] The Court of

---

[2]Petitioner untruthfully answered "no" to Question 22 in his form § 2254 petition where he was asked if he had previously filed a federal petition attacking the same conviction. (Pet. 8, ECF No. 1.) Petitioner has also filed multiple § 2254 habeas petitions challenging his three 2008 convictions for aggravated robbery stemming from the same event. See Pet., Malone v. Stephens, No. 4:15-CV-680-A, ECF No. 1; Pet., Malone v. Stephens, No. 4:13-CV-723-A, ECF No. 1.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an

Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a successive petition. *See* 28 U.S.C. § 2244(b)(1).

Petitioner has raised the same or similar claims in one or both of his prior habeas petitions and is well aware of the successive-petition bar and the requirement that he obtain authorization to file such a successive petition from the Fifth Circuit Court of Appeals. The Fifth Circuit has previously denied authorization on at least one occasion, and Petitioner has not demonstrated that the Fifth Circuit has authorized him to file the instant petition. This Court is therefore without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.

---

      order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

      Rule 4 of the Rules Governing Section 2254 Cases provides:

      The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

2000).

### III. SANCTIONS

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro-se litigant has a history of submitting repetitious or frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future pro-se actions without leave of court and monetary sanctions.

This is petitioner's third § 2254 habeas petition filed in this Court challenging the same 2008 state conviction for capital murder. Petitioner is well aware that he must obtain authorization from the Fifth Circuit Court of Appeals to file a successive petition as previously instructed by this Court. Accordingly, Petitioner is warned that sanctions will be imposed if he files another § 2254 petition seeking habeas relief involving his 2008 capital-murder conviction without authorization to do so by the Fifth Circuit Court of Appeals. In addition to monetary penalties, such sanctions may include an order barring Petitioner from filing any civil actions in this Court without obtaining prior

4

authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as abusive and DENIES a certificate of appealability.

SIGNED November 2, 2016.

                                        *Terry R. Means*
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE